UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14057-CR-ROSENBERG/LYNCH(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL EDWIN HARDING,

    Defendant.
_____/

FILED by _____ D.C.

NOV 13 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS OR MERGE COUNTS 4, 5 AND 6 DUE TO MULTIPLICITY [D.E. #28] AND GOVERNMENT'S MOTION TO DENY AS MOOT DEFENDANT'S MOTION TO DISMISS OR MERGE COUNTS [D.E. #30]

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions as well as the Second Superseding Indictment which was returned by the Grand Jury on November 12, 2015, and the Court otherwise being advised in the premises, makes the following recommendations to the District Court:

    1.    Counts 4, 5 and 6 of the original Superseding Indictment returned October 15, 2015 charged individual possessions of alleged child pornography all occurring on the same date. Counsel for the Defendant moved to dismiss or merge those counts due to multiplicity. Counsel for the Defendant argued that the charges in Counts 4, 5 and 6 of the original Superseding Indictment improperly charged possession of a single item of alleged child pornography from the same source on the same date.

    2.    The government filed a motion to deny as moot the Defendant's Motion to Dismiss. In their motion, the government asserts that the Second Superseding Indictment returned on November 12, 2015 does in fact merge into one count all of the possession charges into Count 4 of the Second Superseding Indictment. Therefore all of the

possession charges from previous Counts 4, 5 and 6 are now contained within Count 4 of the Second Superseding Indictment. The remaining counts of the Second Superseding Indictment do not charge possession and are not pertinent to review of the Defendant's original Motion to Dismiss.

3. The Defendant filed a response to the government's motion. The Defendant's response [D.E. #33] asserts that the Grand Jury having now merged the possession counts into one count, does make the Defendant's Motion to Dismiss moot.

**ACCORDINGLY**, this Court recommends to the District Court that based upon the Second Superseding Indictment in this case, the Defendant's arguments set forth in the Motion to Dismiss [D.E. #28] are now moot and the Motion to Dismiss should be DENIED as moot, and that the government's Motion to Deny [D.E. #30] be GRANTED.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 13th day of November, 2015, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Robin L. Rosenberg
AUSA Daniel Funk
AFPD Fletcher Peacock