UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14057-CR-ROSENBERG/LYNCH(s)(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL EDWIN HARDING,

    Defendant.
_____/

FILED by ___ D.C.

JAN 15 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON GOVERNMENT'S NOTICE AND MOTION IN LIMINE TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 403 AND 404(b) [D.E. 59]

**THIS CAUSE** having come on to be heard upon the aforementioned motion and an Order of Reference from the District Court, and this Court having reviewed the motion and otherwise being advised in the premises, makes the following recommendation:

    1.    Local Rule 88.9(c) requires the filing of all pretrial motions in criminal cases to occur no later than twenty-eight days after the date of the Defendant's arraignment except in matters involving motions arising from post-arraignment events. The Defendant was arraigned on the first Indictment in this case on October 2, 2015. Thereafter, the Defendant was arraigned on Superseding Indictments on October 22nd and November 20th respectively. This Court also notes the case has been continued twice, one by Order of November 2, 2015 and another on December 2, 2015. Therefore, that twenty-eight day period has long since expired. Further, the motion does not assert why the government has waited to file this Motion In Limine at such a late date on the very eve of trial.

    2.    This case is set for trial before the District Court beginning on Monday, January 25, 2016. The late filing of this motion in contravention of the Local Rule cited herein above, is unreasonable in that it does not permit the Defendant the sufficient

number of days under the Federal Rules of Criminal Procedure to review such motion and file a response in respect thereto. Thereafter, the government would have the right to file a reply in respect thereto before this Court would issue its Report and Recommendation to the District Court. That Report and Recommendation would then have to be reviewed by the District Court in light of any objections or references by the parties in respect to this Court's ruling.

3. Since the government has chosen to file this motion within ten days of the date of the trial, this Court finds that such a filing is unreasonable and the government has not established good cause for the late filing of the motion.

4. The issues addressed in the motion are evidentiary issues which can easily be addressed at the time of trial as items of evidence and/or testimony of witnesses is presented. This motion seeks to obtain pretrial rulings on matters of evidentiary value and exhibits which the government intends to present at the time of trial. The Defendant should not be placed in a position of having to address these issues in a vacuum, such as a pretrial motion. They can easily be addressed as the trial unfolds. Regardless of whatever reasons the government may set forth to justify the late filing of this motion, this Court finds that any reasons would be outweighed by prejudice the Defendant would suffer in having to hurriedly make an expedited response to the motion and then be bound by such pretrial rulings in respect to such critical issues relating to witnesses and evidence without the benefit of being able to argue those matters as circumstances would permit during the trial of this case.

5. This Court would also note that it has ruled on other Motions In Limine filed by the government recently. However, those motions related strictly to business records

and the need to produce witnesses for authentication of such business records. The Defendant stipulated to these motions and there was no issue as to those matters. This Motion In Limine is not in that same vein. This motion deals with critical matters of evidentiary value and exhibits to be admitted into evidence and are not the same issues raised in the government's previous motions. This Court points this out in the event that the parties point out to the District Court that other Motions In Limine have been ruled upon beyond the twenty-eight day period provided for in the Local Rules. This Court wanted to make certain that the record reflects that the reason those motions were ruled upon was that they were not objected to by the Defendant and simply related to authentication of documents to be introduced at trial.

**ACCORDINGLY**, this Court recommends to the District Court that the Motion In Limine [D.E. 59] be **DENIED** without prejudice since these matters can be addressed by the District Court at the time of trial without prejudice to either the government or the Defendant.

As stated by this Court above, the late filing of this motion within ten days of the beginning of the trial requires the shortening of a response period in respect to this Report and Recommendation. Therefore, the parties shall have until **Wednesday, January 20, 2016** to file objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _15_ day of January, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
AFPD Fletcher Peacock
AUSA Russell Killinger
AUSA Daniel E. Funk